No. 12-57209

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRIAN KING,

*Plaintiff-Appellant,*

versus

CONDÉ NAST PUBLICATIONS,

*Defendant-Appellee.*

On Appeal From the United States District Court
for the Central District of California
The Honorable George H. King, United States District Judge
District Court Case No. 12-cv-00719-GHK-E

**CONDÉ NAST PUBLICATIONS' OPPOSITION TO JOINT
MOTION TO CONSOLIDATE APPEALS AND RESET THE
BRIEFING SCHEDULE**

COOLEY LLP
MICHELLE C. DOOLIN (doolinmc@cooley.com)
HEATHER C. MESERVY (hmeservy@cooley.com)
DARCIE A. TILLY (dtilly@cooley.com)
ERIN E. GOODSELL (egoodsell@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
(858) 550-6000 (telephone)
(858) 550-6420 (facsimile)

*Attorneys for Defendant-Appellee*
CONDÉ NAST PUBLICATIONS

# CORPORATE DISCLOSURE STATEMENT

Counsel for Defendant-Appellee Condé Nast Publications certifies the following information in compliance with Federal Rule of Appellate Procedure 26.1: Condé Nast Publications is an unincorporated division of Advance Magazine Publishers Inc. ("AMPI"), whose parent corporations are The Patriot-News Co. and Advance Publications, Inc. Neither AMPI nor any parent entity of AMPI has issued stock or debt securities to the public.

Dated:  March 14, 2013           COOLEY LLP


                                 By: /s/ *Michelle C. Doolin*
                                     Michelle C. Doolin

## TABLE OF CONTENTS

                                  **Page**

I.  INTRODUCTION ................................................................................1
II.  ABBREVIATED PROCEDURAL HISTORY ......................................3
III. STANDARD FOR CONSOLIDATION ON APPEAL .........................5
IV. CONSOLIDATION IS NOT APPROPRIATE UNDER FED. R. APP. P. 3(B)(2) OR FED. R. CIV. P. 42(A) ............................................7
V.  CONDÉ NAST OPPOSES CONSOLIDATION BUT DOES NOT OPPOSE BEING ASSIGNED TO THE SAME PANEL AS THE OTHER SHINE THE LIGHT APPEALS ............................ 10
VI. CONCLUSION .................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bias v. Wells Fargo & Co.*,
   No. 12-CV-664-YGR, 2012 WL 2906664 (N.D. Cal. July 13, 2012) ......... 3

*Devlin v. Scardelletti*,
   536 U.S. 1 (2002) ................................................................................. 5

*Dixon v. Larosa*,
   No. 2:10-cv-1441 GEB KJN P, 2011 WL 109143 (E.D. Cal. Jan. 12, 2011) ............................................................................................................... 7

*EIT Holdings LLC v. Yelp!, Inc.*,
   No. C 10-05623 WHA, 2011 WL 2192820 (N.D. Cal. May 12, 2011) ......................................................................................................... 3, 8

*GECCMC 2005-C1 Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank, N.A.*,
   671 F.3d 1027 (9th Cir. 2012) ............................................................... 9

*Hard Drive Prods., Inc. v. Does 1-58*,
   No. C 11-02537 LB, 2011 WL 3443548 (N.D. Cal. Aug. 15, 2011) ........... 3

*Huene v. United States*,
   743 F.2d 703 (9th Cir. 1984) .................................................................. 7

*Int'l Union, UAW, AFL–CIO, Local 283 v. Scofield*,
   382 U.S. 205 (1965) ............................................................................... 6

*Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*,
   No. 08-3610 (KSH), 2012 WL 2476371 (D.N.J. June 27, 2012) ............. 7, 8

*Leeds v. Matrixx Initiatives, Inc.*,
   No. 2:10cv199DAK, 2012 WL 1119220 (D. Utah Apr. 2, 2012) ............ 6, 7

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Maughon v. Bibb County*,
   160 F.3d 658, 659 (11th Cir. 1998) ............................................................. 9

*S.F. Tech., Inc. v. Adobe Sys. Inc.*,
   Nos. CV 10-01652 RS, C 09-6083 RS, 2010 WL 1640397 (N.D.
   Cal. Apr. 19, 2010) ...................................................................................... 3

*Single Chip Sys. Corp. v. Intermec IP Corp.*,
   495 F. Supp. 2d 1052 (S.D. Cal. 2007) ....................................................... 7

*Stewart v. Smith*,
   No. 5:08cv280/RS/EMT, 2010 WL 4783021 (N.D. Fla. Oct. 25,
   2010) ............................................................................................................ 8

*Sullivan v. Ayers*,
   No. C-08-1837 VRW (PR), 2010 WL 465720 (N.D. Cal. Feb. 3,
   2010) ............................................................................................................ 9

*United States v. Tippett*,
   975 F.2d 713 (10th Cir. 1992) .................................................................... 6

*United States v. Washington*,
   573 F.2d 1121 (9th Cir. 1978) .................................................................... 5

*Warren v. Commissioner*,
   302 F.3d 1012 (9th Cir. 2002) .................................................................... 6

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ................................................................... 2, 3

Cal. Civ. Code § 1798.83 .............................................................................. 2, 3

**OTHER AUTHORITIES**

*Amigos Bravos v. U.S. Bureau of Land Mgmt.*,
   No. 609CV00037, 2009 WL 2590773 (D.N.M. June 9, 2009) .................... 9

## TABLE OF AUTHORITIES
## (continued)

**Page(s)**

Fed. R. App. P. § 3(b) ................................................................................. 5

Fed. R. App. P. § 3(b)(2) ........................................................................... 5, 7

Fed. R. Civ. P. § 12(b)(1) ............................................................................ 4

Fed. R. Civ. P. § 12(b)(6) ............................................................................ 4

Fed. R. Civ. P. § 20(a) ................................................................................. 3

Fed. R. Civ. P. § 24 ..................................................................................... 6

Fed. R. Civ. P. § 42(a) ............................................................................. 6, 7

Ninth Circuit Court Structure and Procedures, § E(1) ................................ 10

Ninth Circuit Rule 28-4 .............................................................................. 10

Ninth Circuit Rule Rules 34-1 .................................................................... 11

# I.
## INTRODUCTION

Defendant-Appellee Condé Nast Publications ("Condé Nast") respectfully requests that the Court deny the motion filed by plaintiff-appellants David Boorstein, Charlotte Baxter, Brian King, Nicholas Murray, and Melissa Miller (collectively, "Appellants") seeking to consolidate the appeal in *King v. Condé Nast Publications*, No. 12-57209 ("*King*"), with the appeals in *Boorstein v. Men's Journal, LLC*, No. 12-56696 ("*Boorstein*"), *Baxter v. Rodale, Inc.*, No. 12-56925 ("*Baxter*"); *Miller v. Hearst Communications Inc.*, No. 12-57231 ("*Miller*"), and *Murray v. Time Inc.*, No. 12-17591 ("*Murray*") (Condé Nast Publications, Men's Journal, LLC, Rodale, Inc., Hearst Communications Inc. and Time Inc., collectively "Appellees").

The appeals that are the subject of Appellants' motion arise from five separate putative class actions related to alleged deficiencies with Appellees' online privacy policies. Each of the five lawsuits (**1**) was filed on behalf of a unique plaintiff, (**2**) names a different corporation as a defendant, (**3**) involves a different underlying factual scenario, including a unique privacy policy, and (**4**) seeks relief on behalf of a class with a definition that does not overlap with any class definition in the other actions. Additionally, the appeals arise

from five different orders and judgments. For instance, Condé Nast obtained dismissal of the complaints in *King* due to a lack of sufficient facts regarding the plaintiff's alleged standing, but the complaint in *Baxter* was dismissed for failing to plead a statutory violation. Thus, although all five lawsuits were dismissed at the pleading stage for failing to state a claim under California's Shine the Light Law (Civil Code section 1798.83) and Unfair Competition Law (Business and Professions Code section 17200), the differences in the appeals' parties, complaints, and underlying orders make consolidation inappropriate.

Appellants' concern about conflicting interpretations of California's Shine the Light Law—a statute that has not been construed by any court of appeal—can be addressed without consolidation. Condé Nast does not oppose the appeals being heard by the same panel of judges. Moreover, there is no indication at this point that consolidation will save party and Court resources. Without having seen the merits briefs submitted by the Appellants or Appellees, it is unclear to what extent Appellees' arguments will overlap.

Considering that the differences presented in each case below precluded Appellants from seeking joinder or consolidation at the district

court level, it is hard to imagine why consolidation would be appropriate at this late stage. Appellants' motion should be denied.

## II.
### ABBREVIATED PROCEDURAL HISTORY

Starting in December 2011, Appellants filed the putative class actions underlying the appeals at issue in their motion to consolidate. All five lawsuits asserted claims under California's Shine the Light Law (Civil Code section 1798.83) and California's Unfair Competition Law (Business and Professions Code section 17200), based on perceived deficiencies in the Appellees' various online privacy policies. Notably, Appellants filed all five lawsuits as individual actions because they could not satisfy Federal Rule of Civil Procedure 20(a)'s rule for joinder.[1]

Condé Nast moved to dismiss plaintiff-appellant Brian King's ("King") original complaint on March 5, 2012. Condé Nast raised numerous

---

[1] *See EIT Holdings LLC v. Yelp!, Inc.*, No. C 10-05623 WHA, 2011 WL 2192820, at *1–2 (N.D. Cal. May 12, 2011) (finding misjoinder and severing defendants; holding that, even though defendants engaged in similar activity, they had been "thrown into a mass pit with others to suit plaintiff's convenience" where proving liability would be specific to each defendant and its website, and defenses, damages, and discovery would vary by defendant); *accord Bias v. Wells Fargo & Co.*, No. 12-CV-664-YGR, 2012 WL 2906664, at *3 (N.D. Cal. July 13, 2012) (finding misjoinder and severing defendants); *Hard Drive Prods., Inc. v. Does 1-58*, No. C 11-02537 LB, 2011 WL 3443548, at *4 (N.D. Cal. Aug. 15, 2011) (same); *S.F. Tech., Inc. v. Adobe Sys. Inc.*, Nos. CV 10-01652 RS, C 09-6083 RS, 2010 WL 1640397, at *1–2 (N.D. Cal. Apr. 19, 2010) (same).

independent arguments under Federal Rule of Civil Procedure 12(b)(6) as to why King failed to state a claim under California's Shine the Light Law and why King failed to state a claim under California's Unfair Competition Law. Condé Nast also argued, in the alternative, that King's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

On August 3, 2012, U.S. District Judge George H. King granted Condé Nast's motion and dismissed King's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because (**a**) "Plaintiff fails to allege a cognizable injury," and consequently "he lacks statutory standing for his [Shine the Light] claim" and (**b**) "[l]ike his [Shine the Light] claim, Plaintiff's [Unfair Competition Law] claim fails for lack of statutory standing." In dismissing King's original complaint, Judge King did not reach all of the arguments raised by Condé Nast.

King filed a First Amended Complaint on August 17, 2012. Condé Nast moved to dismiss the First Amended Complaint on September 10, 2012. It again raised numerous arguments for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and (b)(1). On November 7, 2012, Judge King granted Condé Nast's motion and dismissed King's First Amended Complaint with prejudice for failure to plead sufficient facts to establish statutory

4.

standing under either California's Shine the Light Law or Unfair Competition Law. In dismissing the First Amended Complaint, Judge King again did not reach all of the arguments in support of dismissal raised by Condé Nast.

Judgment was entered in the *King* action on November 7, 2012. King filed his notice of appeal on December 6, 2012.

### III.
### STANDARD FOR CONSOLIDATION ON APPEAL

Federal Rule of Appellate Procedure 3(b)(2) states that "[w]hen the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." *See United States v. Washington*, 573 F.2d 1121, 1123 (9th Cir. 1978) ("Consolidation under Federal Rule of Appellate Procedure 3(b) may be ordered where the court in its discretion deems it appropriate and in the interests of justice . . . ."). Federal Rule of Appellate Procedure 3(b)(2) is typically used to consolidate "duplicative appeals," such as when numerous objectors to the same settlement file separate notices of appeal. *See Devlin v. Scardelletti*, 536 U.S. 1, 13–14 (2002).

There is no significant published guidance as to the standards for consolidation under Federal Rule of Appellate Procedure 3(b)(2). As such, a framework may be found in Federal Rule of Civil Procedure 42(a). *See*

*United States v. Tippett*, 975 F.2d 713, 716 (10th Cir. 1992) (referencing Fed. R. Civ. P. 42(a) when analyzing Fed. R. App. P. 3(b)); *see also Int'l Union, UAW, AFL–CIO, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965) ("The Federal Rules of Civil Procedure, of course, apply only in the federal district courts.  Still, the policies underlying intervention may be applicable in appellate courts."); *Warren v. Commissioner*, 302 F.3d 1012, 1015 (9th Cir. 2002) (analyzing whether intervention at appellate level is appropriate by referencing standards provided in the Fed. R. Civ. P. 24).

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: **(1)** join for hearing or trial any or all matters at issue in the actions; **(2)** consolidate the actions; or **(3)** issue any other orders to avoid unnecessary cost or delay." When addressing a motion to consolidate under Federal Rule of Civil Procedure 42(a), courts address two questions.  "First, the court must determine whether the cases involve common parties and common issues of law or fact." *Leeds v. Matrixx Initiatives, Inc.*, No. 2:10cv199DAK, 2012 WL 1119220, at *1 (D. Utah Apr. 2, 2012) (citation omitted).  "If common parties and issues exist, the court must then weigh the costs versus the benefits of consolidation." *Id.* (citation omitted); *see also Landsman & Funk, P.C. v.*

6.

*Skinder-Strauss Assocs.*, No. 08-3610 (KSH), 2012 WL 2476371, at *2 (D.N.J. June 27, 2012) ("[T]he mere presence of common issues does not require consolidation." (citation omitted)). The party seeking consolidation bears the burden of establishing that the benefits of consolidation (judicial economy and convenience) outweigh any harm that may result (prejudice, inconvenience, delay, or expense). *See Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).

### IV.
### CONSOLIDATION IS NOT APPROPRIATE UNDER FED. R. APP. P. 3(B)(2) OR FED. R. CIV. P. 42(A)

Consolidation under Federal Rule of Appellate Procedure 3(b)(2) or Federal Rule of Civil Procedure 42(a) is not appropriate for numerous reasons. *First*, the appeals at issue arise from separate lawsuits with different plaintiffs, different defendants, unique allegedly deficient privacy policies, different putative classes, and different orders and judgments from which the appeals arise. *See Dixon v. Larosa*, No. 2:10-cv-1441 GEB KJN P, 2011 WL 109143, at *2 (E.D. Cal. Jan. 12, 2011) (denying motion to consolidate where judicial economy would not be served when actions address different time frames and different defendants); *Stewart v. Smith*, No. 5:08cv280/RS/EMT,

2010 WL 4783021, at *6 (N.D. Fla. Oct. 25, 2010) (denying motion to consolidate where, although there may have been common issues of law or fact in plaintiff's actions, there were different defendants and different underlying factual scenarios).

*Second*, Appellants' argument obscures the fact that it is unclear at this early stage of the appellate proceedings whether the Appellees will respond to Appellants' legal arguments in the same or complementary manner. Illustrative of this issue is the fact that the Appellees did not raise the same arguments in the same manner before the lower courts. (*Compare* Declaration of Michelle C. Doolin Ex. A (Condé Nast's Second Motion to Dismiss), *with id.* Ex. B (Rodale, Inc.'s Motion to Dismiss)); *see also EIT Holdings*, 2011 WL 2192820, at *1–2 (noting that differences in a website may lead to differences in positions taken by a defendant). Consequently, consolidation raises the specter of prejudice to Condé Nast. *See Landsman & Funk*, 2012 WL 2476371, at *3 ("There are five different plaintiffs and seven different defendants, and none of the cases involves the same transaction or occurrence. Addressing the arguments of twelve different parties with separate briefings in a single decision could result in issues becoming conflated or ignored." (citation omitted)).

8.

*Third*, Appellants' argument ignores the fact that even if the Court rules in Appellants' favor on all seven of the questions identified on pages 13–14 of their motion, the Court can still affirm the dismissal of King's First Amended Complaint on one of the grounds raised in Condé Nast's motion to dismiss that was not addressed by Judge King. *See GECCMC 2005-C1 Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank, N.A.*, 671 F.3d 1027, 1032 (9th Cir. 2012) ("'We may affirm on the basis of any ground supported by the record.'" (citation omitted)).[2]

## V.
### CONDÉ NAST OPPOSES CONSOLIDATION BUT DOES NOT OPPOSE BEING ASSIGNED TO THE SAME PANEL AS THE OTHER SHINE THE LIGHT APPEALS

Appellants' motion should be denied because the presence of some overlapping legal issues is not a basis for consolidation. As such, Condé Nast

---

[2] Appellants' citation to *Amigos Bravos v. U.S. Bureau of Land Mgmt.*, No. 609CV00037, 2009 WL 2590773 (D.N.M. June 9, 2009) is unavailing because it is a motion, not an order. Moreover, it is distinguishable because the defendants in the lawsuits at issue were the same and because, unlike here where the complaints claimed deficiencies in different companies' privacy policies, the "two cases seek judicial review of the same agency actions, the same environmental assessments . . . , the same agency findings that the agency actions will have no significant impact on the environment . . . , and the same agency decisions not to prepare environmental impact statements . . . ." Appellants' citation to *Sullivan v. Ayers*, No. C-08-1837 VRW (PR), 2010 WL 465720 (N.D. Cal. Feb. 3, 2010) is likewise unhelpful because it appears to concern two appeals involving the same parties. Finally, Appellants' citation to *Maughon v. Bibb County*, 160 F.3d 658, 659 (11th Cir. 1998) does not support consolidation here since it involved the appeals of a mother and son that involved "identical" facts.

9.

opposes Appellants' request to file a single opening brief and reply brief in all five appeals. (*See* Mot. at 15 (suggesting consolidation would prevent "five opening briefs" and "five replies").) Condé Nast also opposes Appellants' request to have Appellees file one combined answering brief. (*See id.* (suggesting consolidation would prevent "five answers").)[3] And Condé Nast opposes Appellants' request to have one combined oral argument in the five appeals. (*See id.* (suggesting consolidation would prevent "five different oral arguments").) Until the briefing is complete, Condé Nast is not in a position to determine if a combined oral argument would be appropriate. Nevertheless, Condé Nast does not oppose having the appeals heard by the same panel of judges.[4]

---

[3] Although the Ninth Circuit Rule 28-4 encourages separately represented parties on the same side to submit a joint brief, it does not require it. As such, Appellants' request goes beyond the Court's rules governing consolidation.

[4] *See* Ninth Circuit Court Structure and Procedures, § E(1), *available at* http://cdn.ca9.uscourts.gov/datastore/uploads/rules/rules.htm (last accessed March 7, 2013) ("The inventory process enables the Court to . . . hear at a single sitting unrelated appeals involving similar legal issues."); *see also* Circuit Advisory Committee Note to Circuit Rules 34-1 to 34-3 ("When other pending cases raise the same legal issues, the Court may advance or defer the hearing of an appeal so that related issues can be heard at the same time. Cases involving the same legal issue are identified during the Court's inventory process.").

## VI.
### CONCLUSION

For the reasons set out above, this Court should deny the Appellants' Motion to Consolidate Appeals and to Reset the Briefing Schedule.

Dated:  March 14, 2013                     COOLEY LLP


                                          By: /s/  *Michelle C. Doolin*
                                                Michelle C. Doolin

                                          Attorneys for Defendant-Appellee
                                          CONDÉ NAST PUBLICATIONS

11.

9th Circuit Case Number(s) <u>12-57209</u>

## CERTIFICATE OF SERVICE

### When All Case Participants are Registered for the Appellate CM/ECF System

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

    I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*********************************************************************

## CERTIFICATE OF SERVICE

### When Not All Case/Motion Participants are Registered for the Appellate CM/ECF System

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) <u>March 14, 2013</u>.

    Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

    I further certify that some of the participants in the motion are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

- Counsel for Rodale, Inc.: Brad Seiling, Joanna S. McCallum, Justin C. Johnson, Manatt Phelps & Phillips LLP, 11355 West Olympic Blvd, Los Angeles, CA 90064

- Counsel for Men's Journal LLC: James D. Nguyen, Sean M. Sullivan, Dan Laidman, Davis Wright Tremaine LLP, 865 S Figueroa Street, Suite 2400, Los Angeles, CA 90017

2.

- Counsel for Men's Journal LLC: Elizabeth McNamara, Davis Wright Tremaine LLP, 1633 Broadway, 27th Fl., New York, NY 10019-6708

- Counsel for David Boorstein, Charlotte Baxter, Melissa Miller, and Nicholas Murray: Jay Edelson, Rafey S. Balabanian, Ari Jonathan Scharg, Edelson McGuire LLC, 350 N. LaSalle Street, Suite 1300, Chicago, IL 60654

- Counsel for David Boorstein, Charlotte Baxter, Melissa Miller, and Nicholas Murray: Steven Woodrow, Megan L. Lindsey, Edelson McGuire LLC, 999 W. 18th Street, Suite 3000, Denver, CO 80202

- Counsel for David Boorstein, Charlotte Baxter, Melissa Miller, and Nicholas Murray: Sean Reis, Edelson McGuire LLP, 30021 Tomas Street, Suite 300, Rancho Santa Margarita, CA 92688

Signature (use "s/" format)   /s/ Michelle C. Doolin